UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANDREW CARROLL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | Case No. 12-CV-4143 |
| v. | ) ) | Judge John W. Darrah |
| VILLAGE OF OAK LAWN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Carroll, initiated this action against Defendant, the Village of Oak Lawn on May 29, 2012. Plaintiff amended his Complaint on June 18, 2012. Count I of the Amended Complaint alleges Plaintiff was subjected to racial discrimination in the workplace, in violation of 42 U.S.C. § 2000e-2. Count II alleges that Defendant retaliated against Plaintiff for reporting such discriminatory conduct to his supervisor, the Equal Employment Opportunity Commission ("EEOC"), the Illinois Department of Human Rights ("IDHR"), and the Illinois Human Rights Commission ("IHRC"), in violation of 42 U.S.C. § 2000e-3(a). Defendant filed a Motion to Dismiss both counts of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and are accepted as true for purposes of resolving the Motion to Dismiss. Additionally, a court is permitted to take judicial notice of public record, such as court documents, without converting the motion into a motion for summary judgment, particularly where the public record is central to Plaintiff's claims. *See Pugh v. Tribune Co.,* 521 F.3d 686, 691, n. 2

(7th Cir. 2008). Plaintiff is an African-American male currently employed as a police officer by the Village of Oak Lawn. (First Am. Compl. ¶¶ 5, 6.) On March 22, 2005, Sergeant Macke, a Village of Oak Lawn Police Department shooting-range instructor, told Plaintiff that in order to score well at the shooting range, "an officer must imagine that the targets are Mexicans, Africans, and Puerto Ricans." (*Id.* ¶ 7.) Further, Sergeant Macke said to Plaintiff, "Andy, I'm gonna make you white if it's the last thing I do." (*Id.*) In November 2005, Plaintiff filed a charge of discrimination with the EEOC and the IDHR alleging eight counts of discrimination and retaliation based on the comments made by Sergeant Macke and Plaintiff's subsequent reporting of such comments to his employer. (*Id.* ¶ 7; Def.'s Mot. to Dismiss, Ex. 1.)

By January 22, 2008, the IDHR had dismissed all but one of the eight counts for lack of substantial evidence or lack of jurisdiction. (Def.'s Mot. to Dismiss, Ex. 4.) The sole remaining count in Plaintiff's charge of discrimination alleged that Plaintiff was retaliated against for reporting Sergeant Macke's comments to his supervisor, by management's placing negative memos in his personnel file. (*Id.*) On February 6, 2008, the EEOC issued a similar dismissal and a right-to-sue letter ("RTSL") for the remaining count. (Def.'s Mot. to Dismiss, Ex. 5.) The RTSL informed the Plaintiff that he had ninety days to file a lawsuit. (*Id.*) Plaintiff perfected his charge in the IHRC. (Pl.'s Resp. at 3.) However, Plaintiff did not file a lawsuit within ninety days of receiving the RTSL. (*Id.*) The IHRC case is still pending. (*Id.*)

On May 29, 2012, Plaintiff initiated this action. Plaintiff asserts he received a RTSL within ninety days of the filing of his initial Complaint in this case. (First Am.

2

Compl. ¶ 11.) In Count I of Plaintiff's First Amended Complaint, he states he was discriminated on the basis of his race in three ways. First, Plaintiff applied for a detective position, as well as other specialty positions with the Oak Lawn Police Department, and was rejected. (First Am. Compl. ¶¶ 9, 13.) Second, Plaintiff was never promoted to Sergeant. (*Id*. ¶¶ 9, 14.) Finally, sometime in 2011, Plaintiff was removed from the position of Evidence Technician. (*Id*. ¶¶ 10, 15.) In Count II, the retaliation claim, Plaintiff asserts that he was retaliated against by the Oak Lawn Police Department in the same ways he was discriminated against: he was removed from his position as Evidence Technician; he was not promoted to Sergeant; and he was not permitted to act in a specialty position. (*Id*. ¶¶ 20, 22, 24.) Plaintiff alleges Defendant continues to retaliate against him because Plaintiff reported the comment made by Sergeant Macke on March 22, 2005. (*Id*. ¶ 19.)

Defendant moves to dismiss Counts I and II of Plaintiff's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are untimely and therefore barred. The motion has been fully briefed and is ripe for ruling.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The defendant may assert a statute of limitations defense in a Rule 12(b)(6) motion to dismiss where "the allegations of the complaint itself set forth everything

necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (2009) (quoting *Twombly*, 550 U.S. at 556).

**ANALYSIS**

Under Federal Rule of Civil Procedure 12(b), "[i]f, on a motion asserting . . . failure of the pleading to state a claim upon which relief can be granted, matters outside

the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (*Venture*). However, there are some exceptions to this rule. The court may take judicial notice of matters of public record without converting the motion to a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Further, documents that a defendant attached to a motion to dismiss can be considered part of the pleadings if "they are referred to in the plaintiff's complaint and are central to [his] claim." *Venture*, 987 F.2d at 431. All other matters outside the pleadings should not be considered under a Rule 12(b)(6) motion to dismiss.

Here, Plaintiff's First Amended Complaint references the 2005 EEOC charge and IDHR filing. These charges are matters of public record and central to Plaintiff's claim, as Plaintiff alleges that they are the cause of the discriminatory conduct. As such, Defendant's attachment of documents relating to these charges is proper, and the Court can consider them. Exhibits 1, 2, 4, 5, and 6 of Defendant's Motion to Dismiss are incorporated into the pleadings for the purpose of this motion.

Attached to Plaintiff's Response are three additional exhibits: (1) the order from the IHRC; (2) a RTSL from the EEOC, dated February 29, 2012; and (3) a letter Plaintiff wrote to the EEOC, dated December 15, 2011. The third document is not referred to on the face of the EEOC charge, and Plaintiff fails to plead any facts in his First Amended Complaint which indicate that it is incorporated into the January 10, 2012 charge. As such, the letter is not incorporated into the pleadings. Only exhibits 1 and 2 of Plaintiff's

5

Response are incorporated into the pleadings for purposes of this motion.

The only fact alleged in Plaintiff's First Amended Complaint which alludes to his timely filing of this cause of action states, "Plaintiff received a RTSL within 90 days of the filing of his initial Complaint." (First Am. Compl. ¶ 11.) Plaintiff alleges no facts describing the nature of this RTSL in his First Amended Complaint. Importantly, he has failed to distinguish whether the facts of this RTSL are separate from the initial 2005 charge. From the facts alleged in the First Amended Complaint, it is apparent that the allegations stem from the same facts alleged in the 2005 EEOC charge. Plaintiff received a RTSL on the 2005 charge in 2008. He did not file a lawsuit within ninety days of that RTSL, as required, and thus waived his right to sue on the issues raised in that charge. 42 U.S.C. § 2000e-5(f)(1).

To overcome the time-bar to the 2005 claim, Plaintiff must plead sufficient facts in order to distinguish this case from the facts previously alleged. From the face of the Complaint, the attachments, and exhibits central to the cause of action, Plaintiff has failed to distinguish the claims made in his First Amended Complaint from his 2005 case. In Count I, Plaintiff attempts to assert that the three discriminatory acts alleged are the result of continual discriminatory treatment, stemming from the initial 2005 remark. However, nowhere in his First Amended Complaint does Plaintiff state any facts describing the nature of these discriminatory acts. For example, Plaintiff does not allege where these acts occurred, how the discrimination is continuing from 2005, or who was involved. He merely pleads legal conclusions without sufficient factual content to support them. That is not enough to survive a 12(b)(6) motion to dismiss.

As for the retaliation claim, Plaintiff asserts that he is being retaliated against because he filed the initial 2005 EEOC claim, filed the IDHR complaint, and is maintaining the IHRC suit. In order to state a claim for retaliation under Title VII, Plaintiff is required to plead the requisite elements demonstrating that he is entitled to relief. Here, Plaintiff could have either alleged that: (1) there exists a causal connection between reporting the discriminatory conduct and suffering a materially adverse action; or (2) that Plaintiff was performing his job satisfactorily and was treated differently than other similarly situated employees. *Harper v. C.R. England, Inc.*, 687 F.3d 297, 306, 309 (7th Cir. 2012). Plaintiff has failed to plead anything beyond legal conclusions and speculations about how the purported retaliation is connected to reporting the 2005 comment. Further, Plaintiff has not pleaded any facts sufficient to plausibly demonstrate that he was performing his job satisfactorily and was treated differently from other similarly situated employees.

Since Plaintiff fails to distinguish this case from the claims from 2005, which he waived, the statute of limitations has run, and Plaintiff has not stated a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint is granted, and the counts are dismissed without prejudice.

Date:  November 28, 2012                                     _____
                                                                         JOHN W. DARRAH
                                                                        United States District Court Judge